FILED
U.S. DISTRICT COURT
EVANSVILLE DIVISION

2013 FEB 12  AM 11: 26

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| GARY COOK, | ) |
| | ) |
| Plaintiff, | )  3:13-cv-25  RLY-WGH |
| v. | )  Cause No. _____ |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) |

## COMPLAINT AND JURY DEMAND

### (Federal Employers' Liability Act)

COMES NOW Plaintiff, Gary Cook, by and through his attorneys, O'Brien Chod, LLC and Barsumian Law, and for his cause of action against the Defendant, Norfolk Southern Railway Company, states, alleges and complains as follows:

1. Plaintiff, Gary Cook, is a citizen of the United States and a resident of Birdseye, Indiana.

2. Defendant, Norfolk Southern Railway Company, ("NS") is a foreign corporation organized and existing according to law, conducting business as a common carrier by railroad in and through interstate commerce with facilities, tracks and employees located in and through several states, including in and through the territory encompassing the Southern District of Indiana. At all times material, NS received, accepted and transported various shipments of freight in and through the State of Indiana, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and at all times material was and is presently conducting business in the State of Indiana and in and through the

1

territory encompassing the Southern District of Indiana.

3. This action is instituted and prosecuted pursuant to the applicable provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C.§51, *et seq.* and this Court has jurisdiction over Defendant NS pursuant to the FELA, 45 U.S.C. §56.

4. Plaintiff's worked related injuries as alleged in Plaintiff's Complaint occurred in Warrick County, Indiana and venue is proper in this Court pursuant to 45 U.S.C. §56 and 28 U.S.C. §1391.

5. That at all times material herein, Plaintiff was employed by Defendant NS as a carmen and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of Defendant's interstate commerce activities and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant as a railroad.

6. That on or about February 25, 2010 while working in the course and scope of his railroad employment with Defendant as a Carmen, Plaintiff was injured while using a come along trying to open a bottom hopper door at the Alcoa Plant.

7. As a direct and proximate result of this incident and Defendant's negligence, Plaintiff was thrown back against the hopper car when the come along slipped thereby causing Plaintiff to sustain injury.

8. That pursuant to the FELA, 45 U.S.C. §51, *et seq.*, Defendant NS had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably adequate training, reasonably safe methods for work, and a duty to exercise ordinary care in connection with Plaintiff's entire working environment on

February 25, 2010.

9. That on or about February 25, 2010 at the time and placed alleged herein, Defendant NS, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

    (a) Defendant failed to provide Plaintiff with a reasonably safe place to work;

    (b) Defendant failed to provide Plaintiff with reasonably safe conditions for work;

    (c) Defendant failed to provide Plaintiff with reasonably safe tools, equipment and appliances for work;

    (d) Defendant failed to provide Plaintiff with reasonably safe methods for work;

10. That Plaintiff's injuries were caused, in whole or in part, as a result of one or more of Defendant's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of the FELA, 45 U.S.C.§ 51, *et seq*.

11. That as a result, in whole or in part, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained severe, permanent and disabling injuries to his cervical and lumbar spine and to his right shoulder and/or aggravated a pre-existing condition. Plaintiff has suffered in the past and will continue to suffer in the future pain, anguish, depression, anxiety, other psychological injuries and loss of enjoyment of life.

12. That as a result, in whole or in part, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received medical, hospital, rehabilitative and therapeutic care and

treatment and will continue to receive such additional care and treatment in the future; that he has incurred expenses for his medical, hospital, rehabilitative and therapeutic care and treatment and will continue to incur such additional expenses in the future.

13.    That as a result, in whole or in part, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained severe, permanent and disabling physical, mental, psychological and emotional injuries and damages and has sustained a past wage loss and a permanent impairment of his earning capacity, both past and future, and a loss of fringe benefits of employment, both past and future.

WHEREFORE Plaintiff, Gary Cook, prays for judgment of and from the said Defendant, Norfolk Southern Railway Company, of his Complaint for such general and special damages as he is entitled to recover under law, together with post-judgment interest on the total judgment rendered herein, costs of suit, and such other and further relief, both general and specific, at law or in equity, which he may be justly entitled to receive, whether specifically prayed for or not, all in excess of Seventy Five Thousand Dollars ($75,000.00).

Respectfully Submitted,

Todd C. Barsumian
BARSUMIAN LAW
101 NW First Street, Suite 118
Evansville, IN  47708
Phone: (812) 402-5582
Fax: (812) 402-5583
todd@barsumianlaw.com
Indiana Attorney No. 20778-82

And

*Pro Hac Vice to Be Filed for*

PATRICK S. O'BRIEN
O'BRIEN CHOD, LLC
326 South 21st Street, Suite 306
St. Louis, Missouri 63103
Phone (314) 621-7474
Fax: (314) 621-7476
pobrien@obrienchod.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, Gary Cook, by and through his attorneys, O'Brien Chod, LLC and Barsumian Law, hereby respectfully requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

*[signature]*
Todd C. Barsumian
BARSUMIAN LAW
101 NW First Street, Suite 118
Evansville, IN 47708
Phone: (812) 402-5582
Fax: (812) 402-5583
todd@barsumianlaw.com
Indiana Attorney No. 20778-82

And

*Pro Hac Vice to Be Filed for*

PATRICK S. O'BRIEN
O'BRIEN CHOD, LLC
326 South 21st Street, Suite 306
St. Louis, Missouri 63103
Phone (314) 621-7474
Fax: (314) 621-7476
pobrien@obrienchod.com

5

Attorneys for Plaintiff